Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3638 | **DATE** | 4/25/2012 |
| **CASE TITLE** | Citgo Petroleum Corp. vs. Radis Group Int'l | | |

**DOCKET ENTRY TEXT**

Plaintiffs' amended motion to dismiss [50] is denied; defendant's motion for leave to file a counterclaim [53] is denied. The parties shall appear for a status hearing on 5/15/2012 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiffs Citgo Petroleum Corporation and PDV Midwest Refining, LLC (collectively, "Citgo") brought this action against defendant Radix Group International, Inc. d/b/a DHL Global Forwarding ("DHL") for DHL's alleged breach of contract, negligence, and breach of its fiduciary duty in its performance of certain customs services on behalf of Citgo. A few months after the case was transferred to this court, Citgo moved to stay the proceedings. Citgo argued that a stay was appropriate to allow that the parties to await the resolution of an administrative proceeding before Immigration and Customs Enforcement ("ICE"), as Citgo might incur additional damages depending upon the penalties in that proceeding. This court denied the motion based on the prejudice that Radix would suffer in obtaining the necessary discovery. (See ECF No. 39.) The court also noted that DHL alleged it was fully capable of contesting Citgo's claims on liability grounds, and that if DHL ultimately was entitled to summary judgment, the court would not have to reach the damages issue.

     The court now must address cross-motions from DHL and Citgo. Citgo has moved to voluntarily dismiss its complaint under Federal Rule of Civil Procedure 41(a)(2), arguing that since no fines have been assessed against Citgo to this point, and Radix has already been penalized for some of its conduct, Citgo does not wish to "expend significant resources in this matter." However, it wants to dismiss without prejudice, because "it is possible penalties arising from the conduct complained of by Plaintiff could still be assessed in the future." (Mot. to Dismiss at 3.) Citgo also argues that DHL will not be prejudiced by the dismissal in part because DHL had not filed a counterclaim.

     Almost immediately after this motion was filed, DHL sought to do exactly that. It filed its own motion, requesting leave to file a counterclaim for declaratory relief. The purported counterclaim mimics one of DHL's previously asserted affirmative defenses. Citgo objects, arguing that pursuant to Rule 15, leave to amend should be denied because Citgo would be prejudiced by the amendment and because DHL unduly delayed in seeking leave to amend.

| STATEMENT |
|---|

As DHL has pointed out, the circumstances facing the parties are nearly identical to the last time that the court addressed this issue. No material changes have occurred, and Citgo's attempt to dismiss the case without prejudice would circumvent this court's previous order denying the request for a stay. Moreover, Citgo's objections to DHL's attempt to amend fall flat—Citgo admits that DHL could not have previously asserted the counterclaim, since the claim is redundant of DHL's defenses, and Citgo cannot realistically claim prejudice since it has been on notice of the substance of the counterclaim from the time DHL filed its affirmative defenses.

In short, while the court understands Citgo's reluctance to proceed under these circumstances, the court's reasoning in its prior order stands. The court therefore denies Citgo's motion to dismiss. Because the court denies Citgo's motion, it finds it unnecessary to reach the question of whether DHL should be permitted to amend at this time and denies DHL's motion as moot. If and when the parties reach a stage where a determination of damages is necessary, the court will revisit the issue to determine whether a stay of the proceedings is appropriate. In the meantime, the parties shall proceed with the case.